IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FILED
UNITED STATES DISTRICT COURT
LAS CRUCES, NEW MEXICO

JUN 2 6 2025

MITCHELL R. ELFERS
CLERK OF COURT

UNITED STATES OF AMERICA, )
                            )
        Plaintiff, )      CRIMINAL NO. 25 - 2343 MIS
                            )
  vs. )
                            )
**SARAH FOSTER,** )
                            )
        Defendant. )

## PLEA AGREEMENT

Pursuant to Federal Rule of Criminal Procedure 11, the parties hereby notify the Court of the following agreement between the United States Attorney for the District of New Mexico, the defendant, **SARAH FOSTER**, and the defendant's counsel, STEVEN L. ALMANZA:

### REPRESENTATION BY COUNSEL

1. The defendant understands the defendant's right to be represented by an attorney and is so represented. The defendant has thoroughly reviewed all aspects of this case with the defendant's attorney and is fully satisfied with that attorney's legal representation.

### RIGHTS OF THE DEFENDANT

2. The defendant further understands the following rights:

    a.    to be charged and prosecuted by indictment;

    b.    to plead not guilty;

    c.    to have a trial by jury;

    d.    to confront and cross-examine witnesses and to call witnesses to testify for the defense; and

    e.    against compelled self-incrimination.

## WAIVER OF RIGHTS AND PLEA OF GUILTY

3.    The defendant hereby agrees to waive these rights and to plead guilty to the Information charging in **Count 1 and Count 5** a violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(vi): Possession with Intent to Distribute 400 Grams and More of Fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide), and 18 U.S.C. § 2, Aiding and Abetting; in **Count 2 and Count 6** a violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(viii): Possession with Intent to Distribute 50 Grams and More of Methamphetamine, and 18 U.S.C. § 2, Aiding and Abetting; in **Count 3** a violation of 18 U.S.C. § 924(c)(1)(A)(i): Possession of a Firearm in Furtherance of a Drug Trafficking Crime; and in **Count 4** a violation of 18 U.S.C. §§ 922(g)(1) and 924, that being Felon in Possession of a Firearm.

## ELEMENTS OF THE OFFENSE

4.    If this matter proceeded to trial, the defendant understands that the United States would be required to prove, beyond a reasonable doubt, the following elements for a violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(vi):  Possession with Intent to Distribute 400 Grams and More of Fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide):

     a.    the defendant knowingly or intentionally possessed a controlled substance as charged;

     b.    the substance was in fact fentanyl (n-phenyl-n-[1-(2-phenylethyl)-4-piperidinyl] propanamide);

     c.    the defendant possessed the substance with the intent to distribute it; and

     d.    the amount of the controlled substance possessed by the defendant was at least 400 grams of a mixture and substance containing a detectable amount of fentanyl (n-phenyl-n-[1-(2-phenylethyl)-4-piperidinyl] propanamide).

5.    If this matter proceeded to trial, the defendant understands that the United States would be required to prove, beyond a reasonable doubt, the following elements for a violation of

21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(viii):  Possession with Intent to Distribute 50 Grams and More of Methamphetamine:

    a.    the defendant knowingly or intentionally possessed a controlled substance as charged;

    b.    the substance was in fact methamphetamine;

    c.    the defendant possessed the substance with the intent to distribute it; and

    d.    the amount of the controlled substance possessed by the defendant was at least 50 grams of methamphetamine.

6.    If this matter proceeded to trial, the Defendant understands that the United States would be required to prove, beyond a reasonable doubt, the following elements of 18 U.S.C. § 924(c)(1)(A)(i): Possession of a Firearm in Furtherance of a Drug Trafficking Crime:

    a.    the defendant committed the elements of a drug trafficking crime;

    b.    the defendant knowingly used, carried or possessed a firearm; and

    c.    this was done during and in relation to, and in furtherance of the drug trafficking crime.

7.    If this matter proceeded to trial, the defendant understands that the United States would be required to prove, beyond a reasonable doubt, the following elements of 18 U.S.C. § 922(g)(1), Felon in Possession of a Firearm:

    a.    the defendant knowingly possessed multiple firearms;

    b.    the defendant was convicted of a felony, that is, a crime punishable by imprisonment for a term exceeding one year, before she possessed the firearms;

    c.    at the time of the possession, the defendant knew that she had been convicted of a crime punishable for a term exceeding one year; and

    d.    prior to the defendant's possession of the firearms, the firearms moved at some time from one state to another or from a foreign country to the United States.

3

## SENTENCING

8.    The defendant understands that the minimum and maximum penalty the Court can impose as to each of **Counts 1, 2, 5 and 6** is:

      a.    imprisonment for a period of not less than ten years nor more than life;

      b.    a fine not to exceed $10,000,000.00;

      c.    a mandatory term of supervised release of not less than five years. (If the defendant serves a term of imprisonment, is then released on supervised release, and violates the conditions of supervised release, the defendant's supervised release could be revoked--even on the last day of the term--and the defendant could then be returned to another period of incarceration and a new term of supervised release); and

      d.    a mandatory special penalty assessment of $100.00.

9.    The defendant understands that the minimum and maximum penalty the Court can impose as to **Count 3** is:

      a.    imprisonment for a mandatory minimum of five years that must be served consecutively to any other sentence imposed;

      b.    a fine not to exceed $250,000.00;

      c.    a mandatory term of supervised release of not more than three years that must follow any term of imprisonment. (If the defendant serves a term of imprisonment, is then released on supervised release, and violates the conditions of supervised release, the defendant's supervised release could be revoked--even on the last day of the term--and the defendant could then be returned to another period of incarceration and a new term of supervised release); and

      d.    a mandatory special penalty assessment of $100.00.

10.    The defendant understands that the minimum and maximum penalty the Court can impose as to **Count 4** is:

      a.    imprisonment for a period of not more than 15 years;

      b.    a fine not to exceed $250,000.00;

4

    c.    a mandatory term of supervised release of not less than three years that must follow any term of imprisonment. (If the defendant serves a term of imprisonment, is then released on supervised release, and violates the conditions of supervised release, the defendant's supervised release could be revoked--even on the last day of the term--and the defendant could then be returned to another period of incarceration and a new term of supervised release); and

    d.    a mandatory special penalty assessment of $100.00.

11.    The parties recognize that the Sentencing Guidelines are advisory, and that the Court is required to consider them in determining the sentence it imposes. Defendant further recognizes that while the defendant's attorney may have made a prediction or estimate of the sentence that the Court may impose, the defendant understands that the Court is not bound by any such estimate or prediction.

12.    It is expressly understood and agreed by and between the defendant and the United States that:

    a.    The United States has made, and will make, NO AGREEMENT pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), that a specific sentence is the appropriate disposition of this case.

    b.    The United States has made, and will make, NO AGREEMENT to approve, to oppose, or not to oppose pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), any request made by the defendant or on behalf of the defendant for a particular sentence in this case, other than the recommendations agreed to below.

    c.    The United States hereby expressly reserves the right to make known to the United States Probation Office and to the Court, for inclusion in the presentence report prepared pursuant to Federal Rule of Criminal Procedure 32, any information that the United States believes may be helpful to the Court, including but not limited to information about any relevant conduct under USSG § 1B1.3.

5

d.    Except under circumstances where the Court, acting on its own, rejects this plea agreement, the defendant agrees that, upon the defendant's signing of this plea agreement, the facts that the defendant has admitted under this plea agreement as set forth below, as well as any facts to which the defendant admits in open court at the defendant's plea hearing, shall be admissible against the defendant under Federal Rule of Evidence 801(d)(2)(A) in any subsequent proceeding, including a criminal trial, and the defendant expressly waives the defendant's rights under Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410 with regard to the facts the defendant admits in conjunction with this plea agreement. The Court has not acted on its own if its rejection of the plea agreement occurs after Defendant has expressly or implicitly suggested to the Court a desire or willingness to withdraw his or her plea or not to be bound by the terms of this plea agreement.

## DEFENDANT'S ADMISSION OF FACTS

13.    By my signature on this plea agreement, I am acknowledging that I am pleading guilty because I am, in fact, guilty of the offense(s) to which I am pleading guilty. I recognize and accept responsibility for my criminal conduct. Moreover, in pleading guilty, I acknowledge that if I chose to go to trial instead of entering this plea, the United States could prove facts sufficient to establish my guilt of the offense(s) to which I am pleading guilty beyond a reasonable doubt, including any facts alleged in the Information that increase the statutory minimum or maximum penalties. I specifically admit the following facts related to the charges against me, and declare under penalty of perjury that all of these facts are true and correct:

**On April 3, 2024, I was in possession of over 1190 grams of fentanyl and approximately 185 grams of pure methamphetamine that I was going to distribute, along with three firearms. As to the Glock, I possessed it during and in relation to, and in furtherance of the drug trafficking crime (possessing the methamphetamine and fentanyl for distribution) for protection of my product and myself.**

6

**Also, on October 18, 2024, I was in possession of approximately 2500 grams of fentanyl and approximately 400 grams of pure methamphetamine that I was going to distribute.**

**On or about April 3, 2024, in Doña Ana County, in the District of New Mexico, I knowingly possessed three firearms, to-wit: a Glock, Model 43X, 9mm pistol bearing serial number AHSW115, a Smith and Wesson, Model M&P M2.0, 40 caliber pistol bearing serial number NKN5651, and a Marlin Firearms Co., Model 60, 22 caliber rifle bearing serial number 22492875, after previously being convicted of multiple felonies that are punishable by a term of imprisonment exceeding one year and I knew at the time that I possessed the firearms that I had been convicted previously of those felony offenses. Before I possessed the firearms, they had moved in interstate commerce.**

14. By signing this agreement, the defendant admits that there is a factual basis for each element of the crime(s) to which the defendant is pleading guilty and agrees to affirm the facts set forth above during the plea colloquy. The defendant agrees that the Court may rely on any of these facts, as well as facts in the presentence report, to determine the defendant's sentence, including, but not limited to, the advisory guideline offense level.

<u>RECOMMENDATIONS</u>

15. Pursuant to Rule 11(c)(1)(B), the United States and the defendant recommend the following:

  a. Pursuant to USSG § 2D1.1(c), the parties recommend that the defendant is responsible for approximately 1196 grams of fentanyl (n-phenyl-n-[1-(2-phenylethyl)-4-piperidinyl] propanamide) from the offense on April 3, 2024.

  b. Pursuant to USSG § 2D1.1(c), the parties recommend that the defendant is responsible for approximately 185 grams of methamphetamine from the offense on April 3, 2024.

  c. Pursuant to USSG § 2D1.1(c), the parties recommend that the defendant is responsible for approximately 2500 grams of fentanyl (n-phenyl-n-[1-(2-phenylethyl)-4-piperidinyl] propanamide) from the offense on October 18, 2024.

d.      Pursuant to USSG § 2D1.1(c), the parties recommend that the defendant is responsible for approximately 400 grams of methamphetamine from the offense on October 18, 2024.

e.      Pursuant to USSG § 3E1.1(a), the defendant has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the defendant's criminal conduct.  Consequently, so long as the defendant continues to accept responsibility for the defendant's criminal conduct, the defendant is entitled to a reduction of two levels from the base offense level as calculated under the sentencing guidelines, and if applicable, of an additional one-level reduction pursuant to USSG § 3E1.1(b).  This reduction is contingent upon the defendant providing an appropriate oral or written statement to the United States probation officer who prepares the presentence report in this case in which the defendant clearly establishes the defendant's entitlement to this reduction.

f.      The defendant played neither an aggravating nor mitigating role in the offense.  Therefore, defendant's offense level should neither be increased nor decreased pursuant to USSG § 3B1.1 or § 3B1.2.

g.      Apart from the provisions in this plea agreement, the United States and the defendant reserve their rights to assert any position or argument with respect to the sentence to be imposed, including but not limited to the applicability of particular sentencing guidelines and adjustments under the guidelines.

16.     The defendant understands that the above recommendations are not binding on the Court and that whether the Court accepts these recommendations is a matter solely within the discretion of the Court after it has reviewed the presentence report.  Further, the defendant understands that the Court may choose to vary from the advisory guideline sentence.  If the Court

8

does not accept any one or more of the above stipulations and reaches an advisory guideline sentence different than expected by the defendant, or if the Court varies from the advisory guideline range, the defendant will not seek to withdraw the defendant's plea of guilty. In other words, regardless of any recommendations of the parties, the defendant's final sentence is solely within the discretion of the Court.

## FORFEITURE

17.    The defendant agrees to forfeit, and hereby forfeits, whatever interest the defendant may have in any asset derived from or used in the commission of the offense(s) in this case.

18.    The defendant voluntarily and immediately agrees to forfeit to the United States all of the defendant's right, title, and interest in the following assets and properties:

      a.    Glock, Model 43X, 9mm pistol bearing serial number AHSW115;

      b.    Smith and Wesson, Model M&P M2.0, 40 caliber pistol bearing serial number NKN5651; and

      c.    Marlin Firearms Co., Model 60, 22 caliber rifle bearing serial number 22492875.

19.    The Defendant consents to the prompt entry of a preliminary order of forfeiture and entry of a final order of forfeiture, pursuant to Fed. R. Crim. P. 32.2, without further notice to the Defendant. The Defendant also agrees to fully assist the United States in the forfeiture of the above-described property and to take whatever steps are necessary to pass clear title to the United States, including but not limited to execution of any documents necessary to transfer the defendant's interest in the above-described property to the United States.

20.    The defendant agrees to waive the right to notice of any forfeiture proceeding involving the above-described property.

21.    The defendant knowingly and voluntarily waives the right to a jury trial on the forfeiture of the above-described property.  The defendant knowingly and voluntarily waives all constitutional, legal, and equitable defenses to the forfeiture of said property in any proceeding. The defendant agrees to waive any jeopardy defense or claim of double jeopardy, whether constitutional or statutory, and agrees to waive any claim or defense under the Eighth Amendment to the United States Constitution, including any claim of excessive fine, to the forfeiture of said property by the United States or any State or its subdivisions.

DEFENDANT'S OBLIGATIONS

22.    The defendant understands the defendant's obligation to provide the United States Probation Office with truthful, accurate, and complete information, including, but not limited to defendant's true identity, citizenship status, and any prior criminal convictions.  The defendant hereby represents that the defendant has complied with and will continue to comply with this obligation.  The defendant understands that any misrepresentation with respect to the above obligations may be considered a breach of this plea agreement.

23.    The defendant agrees that any financial records and information provided by the defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

24.    By signing this plea agreement, the defendant waives the right to withdraw the defendant's plea of guilty pursuant to Federal Rule of Criminal Procedure 11(d) unless:  (1) the court rejects the plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(5) or (2) the defendant can show a fair and just reason as those terms are used in Rule 11(d)(2)(B) for requesting the withdrawal.  Furthermore, defendant understands that if the court rejects the plea agreement, whether or not defendant withdraws the guilty plea, the United States is relieved of any obligation

10

it had under the agreement and defendant shall be subject to prosecution for any federal, state, or local crime(s) which this agreement otherwise anticipated would be dismissed or not prosecuted.

25.    The defendant will not willfully fail to appear for any court appearance in this matter.

26.    The defendant agrees not to engage in conduct that would constitute a new local, state, or federal crime.

27.    The defendant agrees not to engage in conduct that would constitute obstructing or impeding the administration of justice under USSG § 3C1.1.

## WAIVER OF APPEAL AND POST-CONVICTION RIGHTS

28.    The defendant is aware that 28 U.S.C. § 1291 and 18 U.S.C. § 3742 afford the right to appeal a conviction and the sentence imposed.  Acknowledging that, the defendant knowingly waives the right to appeal the defendant's conviction(s) and any sentence, at or under the maximum statutory penalty authorized by law, as well as any order of restitution entered by the Court.  The defendant also waives the right to appeal any sentence imposed below or within the Guideline range upon a revocation of supervised release in this cause number but may nonetheless appeal the determination of the revocation Guideline range.  This waiver extends to any challenge to the manner in which the sentence was determined or imposed, including the district court's authority to make findings supporting the sentence. The defendant also waives the right to appeal the denial of any motion filed under 18 U.S.C. § 3582(c) where such denial rests upon the court's determination that a sentence reduction is not warranted under the factors set forth in 18 U.S.C. § 3553(a).  In addition, the defendant agrees to waive any collateral attack to the defendant's conviction(s) and any sentence, pursuant to 28 U.S.C. §§ 2241, 2255, or any other extraordinary writ, except on the issue of defense counsel's ineffective assistance.

11

## GOVERNMENT'S AGREEMENT

29.    Provided that the defendant fulfills the defendant's obligations as set out above, the United States agrees not to bring additional criminal charges against the defendant arising out of the facts forming the basis of the present Information.

30.    This agreement is limited to the United States Attorney's Office for the District of New Mexico and does not bind any other federal, state, or local agencies or prosecuting authorities.

## VOLUNTARY PLEA

31.    The defendant agrees and represents that this plea of guilty is freely and voluntarily made and is not the result of force, threats or promises (other than the promises set forth in this plea agreement and any addenda). There have been no representations or promises from anyone as to what sentence the Court will impose.

## VIOLATION OF PLEA AGREEMENT

32.    The defendant agrees that if the Court finds by a preponderance of the evidence that the defendant has violated any provision of this agreement, the United States will be released from its obligations under the agreement.

33.    The defendant further agrees that in the event the Court finds that defendant has breached this plea agreement, thus releasing the United States of its obligations under the agreement, such events do not constitute a fair and just reason under Rule 11(d)(2)(B) for withdrawing the guilty plea(s) entered pursuant to this agreement.

34.    Following the Court's finding of a breach of this agreement by the defendant, should the United States choose to pursue any charge that was either dismissed or not filed as a result of this agreement, the defendant waives any defense to that charge or charges based on the

lapse of time between the entry of this agreement and the Court's finding of a breach by the Defendant.

SPECIAL ASSESSMENT

35.    At the time of sentencing, the defendant will tender a money order or certified check payable to the order of the United States District Court, District of New Mexico, 333 Lomas Boulevard, NW, Albuquerque, New Mexico 87102, in the amount of $600.00 in payment of the special penalty assessment described above.

ENTIRETY OF AGREEMENT

36.    This document and any addenda are a complete statement of the agreement in this case and may not be altered unless done so in writing and signed by all parties.  The parties agree and stipulate that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.  This agreement is effective upon signature by the defendant and an Assistant United States Attorney.

AGREED TO AND SIGNED this 25th day of June, 2025.

RYAN ELLISON
United States Attorney

MARIA Y. ARMIJO
Assistant U.S. Attorney
200 N. Church Street
Las Cruces, NM  88001
(575) 522-2304 – Tel.
(575) 522-2391 – Fax

This agreement has been read to me in the language I understand, and I have carefully discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. My attorney has advised me of my rights, of the elements of the offense, of possible defenses, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of the relevant sentencing guidelines provisions, and of the consequences of entering into this agreement. No promises or inducements have been given to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

_____
SARAH FOSTER
Defendant


I am the attorney for SARAH FOSTER. I have carefully discussed every part of this agreement with my client. Further, I have fully advised my client of her rights, of the elements of the offense, of possible defenses, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of the relevant sentencing guidelines provisions, and of the consequences of entering into this agreement. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

_____
STEVEN L. ALMANZA
Attorney for Defendant

14